IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:22-cv-102-S |
| $932,501.94 IN FUNDS SEIZED | § | |
| FROM BBVA ACCOUNT ENDING IN | § | |
| 8653, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States of America has filed a Motion for Default Judgment and Final Judgment or Forfeiture, *see* Dkt. No. 10, which United States District Judge Karen Gren Scholer has referred to the undersigned Magistrate Judge, *see* Dkt. No. 11.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion.

**Background**

The following factual allegations are taken from the Government's Complaint for Forfeiture [Dkt. No. 1]. As no party has filed a claim or otherwise answered the Complaint, the government's allegations are unrebutted.

This case arises out of a fraudulent scheme that resulted in a wire transfer for $1,365,000. *See* Dkt. No. 1 at 2. On August 14, 2020, N.E., Inc. contacted Dalex Laboratories, LLC ("Dalex Labs") to arrange a purchase of 100,000 boxes of latex

gloves on behalf of the Texas Division of Emergency Management ("TDEM") for a price of $1,365,000. *See id.* at 2-3. Dalex Labs made misrepresentations regarding its possession of the contracted-for number of gloves and its ability to deliver them to San Antonio, Texas by the scheduled date of August 20, 2020. *See id.* at 3. Based on these misrepresentations, N.E., Inc. executed a wire transfer to Dalex Labs' Metro City bank account ending in 1678 for $1,365,000. *See id.* $1,232,500 was subsequently transferred from the Metro City Bank account to BBVA account ending in 8653. *See id.* Of that, $932,501.54 in funds seized from the BBVA account (the "Defendant Property") were identified as proceeds traceable from the fraudulent scheme. *See id.*

On January 14, 2022, the United States filed a civil forfeiture complaint against the Defendant Property, providing the basis for this Court's jurisdiction, for jurisdiction in rem, and for venue in the Dallas Division of the Northern District of Texas, and alleging the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to a wire fraud violation under 18 U.S.C. § 1343. *See* Dkt. No. 1. The Complaint also requested several forms of relief, including: (1) that the United States publish notice of the complaint for forfeiture on the website www.forffeiture.gov for at least 30 consecutive days; (2) that the United States deliver notice to any person reasonably appearing to be a known potential claimant; (3) that the United States advise by public or direct notice all persons having any interest of right against the Defendant Property to timely file a verified claim identifying that interest with the Court and serve a copy of the claim on the government; (4) that the

Court declare the Defendant Property condemned and forfeited; (5) that the Court appropriately tax all costs and expenses incurred by the United States in obtaining the forfeiture of the Defendant Property against any persons or entities who filed a verified claim and answer; and (6) that the Court grant any further relief to which it determines the government is entitled. *See id.* at 4-5.

Beginning on January 20, 2022, the government published notice of this forfeiture action on an official government website – www.forfeiture.gov – for 30 consecutive days until February 18, 2022. *See* Dkt. No. 10 at 2.

Also on January 20, 2022, the government sent notice of this forfeiture action with a copy of the Complaint to Bear Holding Group, Inc. ("BHG") and Dalex Labs, the only parties the government identified as persons reasonably appearing to be potential claimants to the defendant property. *See id.* The notice stated the deadlines for filing a claim and an answer to the Defendant Property; the procedure for filing a claim and answer; and the name of the government attorney to be served with the claim and answer. *See id.*

On May 5, 2022, after the expiration of both the direct notice and publication notice deadlines, the Clerk of the Court entered a default against BHG and all other persons for failure to plead, file a claim, answer, or otherwise defend this action. *See id.* at 4; Dkt. No. 9.

That same day, Dalex Labs entered into a stipulation with the government disputing the government's allegations of fraud but disclaiming any right, claim, or

interest in the Defendant Property in the interest of avoiding litigation expenses. *See* Dkt. No. 6.

On May 9, 2022, the governed filed its Motion for Default Judgment and Final Judgment of Forfeiture [Dkt. No. 10].

## Legal Standards

I. <u>Default Judgment</u>

Federal Rule of Civil Procedure 55 provides that the Clerk of Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Once the Clerk of Court has entered default, "a plaintiff may apply to the district court for a judgment based on such default." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 3:18-cv-1197-S, 2018 WL 7150247, at *2 (N.D. Tex. Dec. 14, 2018), *rep. and rec. adopted by* 2019 WL 399900 (N.D. Tex. Jan. 31, 2019).

Where parties with an interest in property at issue in a forfeiture procedure fail to timely file an answer or claim to the property, default against those properties is proper. *See United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 318 (5th Cir. 1984) (holding that a district court did not abuse its discretion by granting default judgment where no claim or responsive pleading was filed); *U.S. v. $44,860.00 in U.S. Currency*, No. 3:08-cv-1870-O, 2010 WL 157538, at *1, *3 (N.D. Tex. Jan. 14, 2010) (granting default judgment in a forfeiture case where no potential claimant filed an answer or claim in the forfeiture case).

Two provisions provide deadlines for potential claimants who did not receive direct notice of the forfeiture action to file a claim to the property: (1) 18 U.S.C. § 983(a)(4)(A) sets the deadline at "no later than 30 days after the date of final publication of notice of the filing of the complaint"; and (2) Federal Rules of Civil Procedure Supplemental Rule G(5)(a)(ii)(B) sets the deadline for "no later than 30 days after final publication of ... notice ... or no later than 60 days after the first day of publication on an official internet government forfeiture site."

And two provisions provide deadlines for potential claimants who did receive notice of the forfeiture action to file a claim to the property: (1) 18 U.S.C. § 983(a)(4)(A) sets the deadline for "not later than 30 days after the date of service of the government's complaint"; and (2) Federal Rules of Civil Procedure Supplemental Rules G(5)(a)(ii)(A) and G(4)(b)(ii)(B) allow the government to set the deadline in the notice on a day that is "at least 35 days after the notice is sent."

In considering whether to enter default judgment, a court should first consider whether such entry is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) "whether material issues of fact are at issue"; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly established"; (4) "whether the defendant's default was caused by a good faith mistake or excusable neglect"; (5) "the harshness of a default judgment"; and (6) whether the Court would feel obligated to set aside a default on the defendant's motion. *Id*. The Court retains discretion whether to enter default judgment against a defendant. *See id*.

After the Court has determined that the plaintiff has met the procedural requirements for default judgment, it must next "assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment." *Bokf, N.A. v. Logan*, No. 3:19-cv-2910-B, 2020 WL 1470803, at *2 (N.D. Tex. Mar. 26, 2020) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Stated differently, when a defendant defaults, the plaintiff's well-pleaded allegations of fact concerning liability are deemed admitted. *See Kingman Holdings*, 2018 WL 7150247, at *3 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524 (5th Cir. 2002)). But "the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted." *Id*.

II. <u>Civil Forfeiture</u>

"A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." FED. R. CIV. P. SUPP. R. G(4)(a)(i). The government can publish notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. SUPP. R. G(4)(a)(iv). And "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government

before [60 days after the first day of publication on an official internet government forfeiture site]." FED. R. CIV. P. SUPP. R. G(4)(b)(i).

Notice sent to potential claimants must include (1) "the date when the notice is sent"; (2) "a deadline for filing a claim, at least 35 days after the notice is sent"; (3) "notice that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim"; and (4) "the name of the government attorney to be served with the claim and answer." FED. R. CIV. P. SUPP. R. G(4)(b)(i).

Relevant here, a civil-forfeiture complaint must "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; ... (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED. R. CIV. P. SUPP. R. G(2).

And "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." FED. R. CIV. P. SUPP. R. E(2)(a). "Rule E(2)(a) imposes a substantive pleading requirement" and requires the government to "do more than simply provide greater detail than it otherwise would be required to [provide] under Rule 8 of the Federal Rules of Civil Procedure." *United States v. $49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003). Although "the government need not prove elements of its case at the pleading stage, ... [it] must allege facts supporting a

reasonable belief that it will be able to bear its burden at trial." *Id.* (emphasis omitted).

## Analysis

I. <u>Default judgment is procedurally warranted</u>

The government has shown that no potential claimants have filed claims for the property at issue and the deadline to file such claims has passed. As discussed above, individuals who did not receive direct notice must file claims by either 30 days from the final date of publication of the notice or 60 days after the first day of publication. *See* 18 U.S.C. § 983(a)(4)(A); FED. R. CIV. P. SUPP. R. G(5)(a)(ii)(B).

Here, publication occurred from January 20, 2022, until February 18, 2022, meaning that parties who did not receive direct notice needed to file a claim by March 21, 2022. *See* Dkt. No. 10 at 2.

The government directly notified two entities of this action – BHG and Dalex Labs. Individuals who received direct notice must file a claim by 30 days after being served with the complaint or by the deadline set by the government in the served notice, which is not to be sooner than 35 days after sending the notice. *See* 18 U.S.C. § 983(a)(4)(A).

Here, the government sent notice of the forfeiture action to BHG and Dalex Labs on January 20, 2022. The notice included the deadlines, procedure, and name of the government attorney to be served for filing a claim and an answer. As discussed above, Dalex Labs has disclaimed any claims on the Defendant Property. BHG had

until February 24, 2022 to file a claim, but to date BHG has not filed a claim or answer to the government's Complaint.

Accordingly, because the deadlines for potential claimants who were indirectly or directly notified have passed and no individuals have filed claims, all potential claimants and BHG are in default.

Additionally, the factors identified in *Lindsey* support granting default judgment. Because no potential claimants have filed a claim for the Defendant Property and no answer or motion has been filed, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").

And the claimants' failure to file a claim, answer, or otherwise "respond has brought the adversary process to a halt, effectively prejudicing [the government's] interest" in obtaining forfeiture of the property at issue. *United States v. Fincanon*, No. 7:08-cv-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (citing *Lindsey*, 161 F.3d at 893).

The government has clearly established the grounds for default by showing that no potential claimant has filed a claim, answered, or otherwise appeared despite direct notice to the two entities that reasonably appeared to be potential claimants and published notice of this case. *See* Dkt. No. 10 at 3-4. There is no evidence to suggest that any claimant's failure to file a claim, answer, or otherwise appear is the result of a good-faith mistake. And, "[the claimants'] failure to respond ... mitigat[es] the harshness of a default judgment." *Fincanon*, 2009 WL 301988, at *2.

Finally, the record contains no facts supporting a good-cause reason to set aside the default if the potential claimants challenge it.

Default judgment is procedurally warranted.

## II. The government pleads a sufficient basis for entry of default judgment

In addition to demonstrating that default judgment is procedurally warranted, the government's Complaint meets the requirements of Federal Rules of Civil Procedure Supplemental Rule G(2) and pleaded sufficient facts supporting entry of default judgment.

First, the Complaint is verified. *See* Dkt. No. 1 at 6.

Second, the Complaint states the grounds for the Court's subject-matter jurisdiction over the case, for in rem jurisdiction over the property, and for venue in the Dallas Division of the Northern District of Texas. *See id*. at 1.

Third, the Complaint describes the subject property with reasonable particularity, stating that the Defendant Property is $932,501.94 seized from a BBVA account ending in 8653 and that it is proceeds from a fraud scheme involving latex gloves intended for the TDEM. *See id*. at 1-4.

Fourth, the Complaint identifies the statutes under which forfeiture is sought – 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. §§ 2461 and 2465, and 18 U.S.C. §§ 983 and 985. *Id* at 1.

Fifth, the Complaint contains facts indicating that the government will be able to meet its burden of proof at trial. *See id*. at 2-3.

And the facts that the government pleads in its Complaint are sufficient to support entry of default judgment. To establish sufficient facts allowing the Court to grant default judgment, a forfeiture complaint must include facts that state the circumstances from which the claim arises with enough particularity that a defendant or claimant can investigate and respond without requiring a more definite statement. A sufficiently detailed forfeiture complaint alleges facts supporting a reasonable belief that the government can prove at trial by a preponderance of the evidence that the property is subject to forfeiture.

As discussed above, the government alleges that it sought and received a warrant to seize the Defendant Property from a BBVA account in December 2021 after an investigation revealed the funds were proceeds from an interstate wire transfer made as part of a scheme to defraud N.E., Inc. and its customer the Texas Department of Emergency Management. *See* Dkt. No. 1 at 1-3. The government specifically alleges, through the Declaration in Support of Verified Complaint for Forfeiture of United States Secret Service Senior Special Agent Jasen Bollen, that on August 17, 2020, BHG received a wire transfer for $1,232,500 from Dalex Labs' Metro City Bank account. *See* Dkt. No. 1-1 at 1. A BBVA account investigator contacted the owner of the BHG account, who confirmed the transfer was for an order of latex gloves destined for the TDEM, but no gloves were received by N.E., Inc. *See id*. On August 21, 2020, $300,000 was transferred from the BBVA account to another account held by Nexus Medical, LLC ("Nexus"), an entity with multiple connections to money laundering and fraudulent payment schemes. *See id*. at 2-3. On August 24, 2020,

$290,000 was wired from the Nexus Account to an account held by 115 Management, an entity with whom Nexus shares common owners. *See id.* at 4. A man named George B. Outlaw, who is affiliated with Nexus, subsequently contacted N.E., Inc. pressuring the company to withdraw its fraud claim and promising to return the funds in exchange. *See id.* at 5. N.E., Inc. refused and to date has not received the glove order or its funds. *See id.* at 6.

Based on these factual allegations, the government asserts that the Defendant Property is illegal proceeds generated from a fraudulent scheme and is thus subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

Based on these allegations, the government has alleged enough facts to allow a defendant or claimant to investigate and respond and to support a reasonable belief that the government can prove the Defendant Property is subject to forfeiture.

Accordingly, because the government's Complaint contains all the required elements of a civil forfeiture action; it has given proper notice to all parties; it has sufficiently pleaded a sufficient factual and legal basis for default judgment; and it has shown that no defendant or potential claimant has filed a claim or answered the Complaint arguing that default judgment is improper, default judgment is appropriate.

## Recommendation

For the reasons explained above, the Court should grant Plaintiff's Motion [Dkt. No. 10] and enter a final default judgement under Federal Rule of Civil Procedure 55 and order of forfeiture.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE